IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DESHAWN HUGHES,**
aka **DASHAWN HUGHES,**

      **Plaintiff,**

      v.                              CASE NO. 22-3315-JWL

**TIM EASLEY, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Deshawn Hughes is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. If Plaintiff fails to respond by the Court's deadline, this matter may be dismissed without further prior notice to Plaintiff.

On December 29, 2022, Plaintiff filed this pro se civil rights action in this Court. The caption of his Complaint references that it is being filed "In the State Court in and for the State of Kansas" and purports to be brought as a "Kansas State Tort Claim." (Doc. 1, at 1.) It appears that Plaintiff may have intended to file his Complaint in state court. If that was Plaintiff's intention, he should advise this Court of such and seek to voluntarily dismiss this case.

If Plaintiff did in fact intend to file this action before this Court, the Court finds that this action is subject to dismissal.[1] Plaintiff's factual assertions and claims in this case are duplicative of his claims in Case No. 22-3309, which is currently pending before this Court. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams*

---

[1] The Court also notes that Plaintiff has failed to either pay the filing fee for this case or to file a motion for leave to proceed in forma pauperis.

1

*v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed). Plaintiff should show good cause why this matter should not be dismissed as duplicative of Case No. 22-3309.

Plaintiff has also filed a one-page document that consists of "Count Four: Due Process." (Doc. 2.) Because there are no counts listed in Plaintiff's Complaint in the current case, it appears that Plaintiff may have intended to file this document in Case No. 22-3309, which contains an Amended Complaint with three counts. The Court denies any request to supplement the Complaint in this case with Doc. 2. Plaintiff should file the document in Case No. 22-3309 if he is seeking to supplement his Amended Complaint in that case.

**IT IS THEREFORE ORDERED THAT** any request to supplement the Complaint (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** Plaintiff is granted until **February 17, 2023,** in which to notify the Court if he did not intend to file this action with this Court and to indicate whether or not he seeks to voluntarily dismiss this case.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 17, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated January 30, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE